## SHAFER *v.* McGEE.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellant.

*K. M. Hord* and *A. Blair,* for appellee.

DOWNEY, J.—This action was brought by the appellant against the appellee, on the 29th day of January, 1870, on a promissory note made by the defendant to the plaintiff, on the 14th day of April, 1855, and payable one day after date.

The defendant answered that, on or about the 1st day of August, 1863, he fully paid the amount of the note to the plaintiff. Reply in denial. Trial by jury; verdict for the defendant; motion by the plaintiff for a new trial overruled; final judgment on the verdict.

The overruling of the motion for a new trial is the error assigned.

These are the grounds of the motion for a new trial:

1. The verdict of the jury is contrary to the law and the evidence.

2. The verdict is not sustained by sufficient evidence.

3. That there was error of law occurring at the trial, and excepted to by the plaintiff at the time.

Nothing is urged under the last reason for a new trial. This is well enough, for it was too indefinite to present any question. It is insisted, under the other reasons, that the evidence did not justify the verdict of the jury. It is evident that the jury found for the defendant on the ground that the note had been paid by the defendant, as that was the only defence pleaded by him.

The note, as we have seen, was dated April 14th, 1855. It was for one hundred dollars, with eight per cent. interest, and payable one day after date. The defendant was the only witness testifying to the fact of payment of the note. He testified that about one year after the date of the note, he paid the plaintiff, on the note, twenty dollars, and that, in July, 1863, he sold the plaintiff a horse for one hundred and forty dollars; that the note was then said to have been lost; that the plaintiff paid him fifty-five or sixty dollars on the price of the horse, on settlement; that he told the plaintiff he was satisfied, and that the note was embraced in the settlement.

Shafer *v.* McGee.

The plaintiff, in his evidence, testified that he paid the defendant the whole price of the horse he purchased of him, and that the twenty-dollar payment was the only credit to which the defendant was entitled.

There is an evident conflict in this evidence, and it is not for us to say which party was most entitled to credit.

We can only look to the evidence of the defendant to see whether or not it made out a defence to the action.

In a year from the date of the note, it amounted to one hundred and eight dollars. The defendant then paid twenty dollars, thus leaving eighty-eight dollars. From the date of this payment until July, 1863, would be seven years and three months. The interest on the note for this time would be fifty-one dollars and four cents; added to the principal, it makes one hundred and thirty-nine dollars and four cents due on the note at the time of the sale of the horse. If the defendant received sixty dollars of the price of the horse, there was left eighty dollars to go as a credit on the note, which would leave still due on the note fifty-nine dollars and four cents, and that amount, with interest thereon from July, 1863, must have been due the plaintiff at the time of the trial, according to the defendant's own testimony.

It is true that an inference, of some strength, in favor of the theory that the note was paid, may be drawn from the lapse of time from the maturity of the note until the plaintiff sued upon it; but this inference, of itself, especially when in conflict with the defendant's statements with reference to the matter, cannot sustain the verdict of the jury.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.